UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JEREMY GONGAS, <br><br> Defendant. | Case No. CR20-5374 BHS <br><br> DETENTION ORDER |

<u>Offenses charged</u>:

    Count 1:    Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)

<u>Date of Detention Hearing</u>: The Court held a hearing via a WebEx videoconference, with the consent of Defendant on September 3, 2020, due to the exigent circumstances as outlined in General Order 11-20. Defendant's detention hearing may be reopened once a viable release plan is in place.

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the reasons for detention hereafter set forth, finds:

DETENTION ORDER - 1

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. There is a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e).

2. Defendant poses a risk of nonappearance due to a history of failing to appear and lack of employment. A release plan to Defendant's girlfriend is not viable at this time due to her criminal and substance abuse history, alleged distribution of heroin, her active supervision with the Department of Corrections, and her history of violations while under supervision. As noted above, the Court will reopen the detention hearing if Defendant proposes a more viable release plan. Defendant poses a risk of danger due to the nature of the charged offense and Defendant's substance abuse. Based on these findings, and for the reasons stated on the record, there does not appear to be any condition or combination of conditions that will reasonably assure the Defendant's appearance at future court hearings while addressing the danger to other persons or the community.

3. The Court finds Defendant has overcome the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community, however a suitable release plan is necessary before release is ordered.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the Defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

Dated this 4th day of September, 2020.

_____

MICHELLE L. PETERSON
United States Magistrate Judge

DETENTION ORDER - 3